IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.  04-20244 Ml/P |
| RONNIE HENRY, | ) | |
| Defendant. | ) | |

ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

This cause is before the Court on the motion of Defendant, Ronnie Henry, through his counsel, to suppress certain evidence against him. The motion was filed on August 10, 2004. After numerous requests for delay of the hearing, this motion was heard on Tuesday, April 12, 2005. Defendant's post hearing brief was received on May 6, 2005, and the Government's post hearing brief was received on May 16, 2005. The Court orally announced its ruling on May 27, 2005. This order supplements that ruling denying Defendant's motion to suppress.

A total of three witnesses testified at the April 12, 2005 hearing on Defendant's motion: Paul Wright, Jr., a sergeant with the Memphis Police Department; John Pasley, an officer with the Memphis Police Department; and Marquette Williams. It appears

that the defense assertion is that Defendant was arrested without probable cause after his vehicle was stopped by the Memphis Police Department on March 22, 2004. There is no dispute that the arrest was not the result of a traffic violation; rather, it is asserted by the United States that Defendant's arrest was the result of a criminal investigation by the Memphis Police Department, including the taping of certain conversations involving the Defendant, Ronnie Henry.

According to Sergeant Paul Wright, on March 21, 2004, an individual named James Trenell was questioned by officers of the Memphis Police Department about several home invasion robberies. Trenell, it is asserted, gave statements of admission and named Ronnie Henry as the individual who participated in robberies with him. The Memphis Police Department then recorded a conversation between Trenell and Henry on March 22, 2004, in which Henry stated that he was planning to commit a robbery with Patrick Hopkins. Trenell indicated to Henry that he also wanted to be involved in that robbery.

According to Sergeant Wright, the Memphis Police Department then developed an operational plan to prevent further robberies by Henry; Trenell was instructed to tell Henry that he had a vehicle that could be used in a planned robbery and that Trenell

had an appropriate target involving an older female, a juvenile, and drugs and money. As part of the investigation, Trenell wore a secret recording device when meeting with Henry.

Trenell also had advised the investigators that Henry often carried a .357 caliber handgun which he normally hid under the hood of the vehicle in which he was traveling.

Sergeant Wright further testified that Trenell was instructed to meet with Henry on the evening of March 22, 2004, at 4764 Ross Road in Memphis, Tennessee. Sergeant Wright was able to monitor the conversation through the body wire worn by Trenell and could hear the defendant Henry talking about a gun that he had in his possession. Furthermore, officers observed Henry leaving the Ross Road address and carrying an object wrapped in a white towel which was then placed under the hood of the vehicle. Trenell and Henry left the location and were followed by undercover officers to Breedlove Street where Trenell and Henry stopped at 705 Breedlove, the home of Henry and Marquette Williams. At the Breedlove address, Memphis Police Officers observed Henry remove the towel from underneath the hood of the vehicle. Both Trenell and Henry went into the Breedlove address. Subsequently, Henry and Williams exited the house on Breedlove and Henry was seen to place the towel beneath the hood

of a white Ford Tarus.  Williams and Henry then left in that vehicle and were stopped shortly thereafter by officers.[1]

The second officer to testify was John Pasley.  Officer Pasley, a 22-year veteran of the Memphis Police Department, and currently a member of the Project Safe Neighborhood Task Force, was part of the surveillance team cooperating in the investigation of Henry.  He set up surveillance at the Ross Road address and observed something wrapped in a white towel.  While acting in a surveillance capacity, he was unable to see what was actually in the towel that was placed under the hood of the White Tarus.  He followed the vehicle for a period of time from a considerable distance and ultimately parked at a fire station located on Breedlove anticipating resumption of the surveillance.  Somewhat to his surprise, Williams and Henry, as they drove north on Breedlove, pulled into a house approximately 3 houses from the fire station where Officer Pasley was waiting in an unmarked vehicle.  He was able to monitor some of the conversation occurring, including a discussion regarding whether or not Henry had a firearm (referred to as a "joint").  He was also able to observe the white Tarus parked at the Breedlove location and

---

[1] It should be noted that Trenell had originally been arrested on an auto theft charge and for violation of parole.  At that time, Trenell indicated that he wished to cooperate, thus leading to the investigation of defendant Henry.

observed Henry take a towel from underneath the hood of that vehicle after the hood had been popped.

Listening to a portion of the conversation between Trenell and Henry, Officer Pasley was able to hear Henry confirm that he had a pistol.

The final witness was Marquett Williams.  Williams had previously given a statement to the police after the March 22, 2004, arrest of Henry.  The statement had been a non-custodial statement in which he confirmed Henry's possession of a firearm in several portions of the statement.

During his testimony at the suppression hearing, Williams denied having made the statements implicating Henry, including those statements implicating Henry in the possession of a firearm.  Williams claimed ownership of the firearm and indicated that the statements unfavorable to Henry, which had been placed in his statement, had been placed there by the suggestion of the examining Memphis Police Department officers, none of whom he could remember.  When asked about the history of the firearm which he claimed was his, which had been under the hood of the Ford Tarus, Williams was unable to recall the identity of the individual from whom he purchased the firearm.

Interestingly enough, while there is little dispute that, in fact, a white towel was underneath the hood of the Ford Tarus, Williams testified "I don't know anything about a white towel; I did not have a gun wrapped up in a white towel." Williams also testified that an officer of the Memphis Police Department had offered him money to testify against Henry (as well as other consideration). Williams indicated, however, that he could not recall the name of the officer who had made such an offer.

The statement given by Williams to the police in March of 2004 is corroborated by the testimony of both Sergeant Wright and Officer Pasley. Williams' recantation is inconsistent with not only the testimony of the officers, but also with the largely otherwise uncontroverted testimony concerning a white towel underneath the hood of the Ford Tarus. The Court determines that Williams' testimony provided at the suppression hearing is not credible and should be disregarded.

## ANALYSIS

Defendant asserts that the search in this case was conducted in violation of defendant's Fourth Amendment rights. Specifically, it is asserted that the officers lacked probable cause to arrest the defendant.

- 6 -

Under Terry v. Ohio, 329 U.S. 1, 26 (1968), "[a]n investigatory detention, a brief seizure by police based on reasonable suspicion of criminal activity, is a narrowly drawn exception to the probable cause requirement of the Fourth Amendment." "Law enforcement officers may initiate an investigatory detention if and only if they have reasonable, articulable suspicion of criminal activity." Id. at 21, 22. "To meet that standard, the government must point to specific and articulable facts, together with rational inferences drawn from those facts, that reasonably suggest criminal activity has occurred or is imminent." Id. at 21.

Here, the officers involved in Defendant's detention had a reasonable, articulable basis for stopping the Defendant. Defendant was a known felon and had been heard to acknowledge possession of a weapon. The officers' observations, coupled with the information provided by Trenell, provided more than a sufficient basis to stop the Defendant, Ronnie Henry.

Trenell was a known informant who could be held responsible if his allegations turned out to be untrue. Trenell had no reason to mislead the officers and Trenell's information had been corroborated by the officers' observations.

Under the law in the Sixth Circuit, "probable cause to make an arrest exist if the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense."  Pyles v. Raisor, 60 F.3d 1211, 1215 (1995).  Here the officers had probable cause to arrest the defendant after finding a firearm underneath the hood of the vehicle wrapped in a towel that officers had seen the Defendant place there.  Furthermore, probable cause existed to arrest the Defendant for aggravated robbery based on Trenell's statements to the officers.  Trenell had named the Defendant as a participant in several armed robberies.  Therefore, there were at least two basis for the Defendant to be stopped and arrested in this case.

Defendant's motion to suppress is hereby DENIED.

ENTERED THIS 13 DAY OF June, 2005.

_____
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 71 in case 2:04-CR-20244 was distributed by fax, mail, or direct printing on June 14, 2005 to the parties listed.

---

Randall P. Salky
LAW OFFICE OF RANDALL SALKY
266 S. Front St.
Memphis, TN 38103

David Pritchard
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT