IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 OCT -7 PM 3: 30

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-20244 Ml/P |
| RONNIE HENRY, | ) | |
| Defendant. | ) | |

ORDER SUSTAINING DEFENDANT'S OBJECTIONS
TO FACTUAL FINDINGS OF JUNE 14, 2005
ORDER DENYING MOTION TO SUPPRESS

This cause is before the Court on the objections of Defendant, Ronnie Henry, through his court-appointed counsel, to certain factual findings contained in the Court's supplemental order of June 14, 2005, confirming the Court's May 27, 2005, oral denial of the motion to suppress. The Court has reviewed the transcript in the case and agrees that certain typographical and/or erroneous factual references in the Court's June 14, 2005 order must be corrected.

Defendant specifically asserts five factual errors. First, Defendant points out that the vehicle in which he was riding at the time of his arrest on March 22, 2004, was not "his" vehicle. The record shows that Defendant was a passenger in a white 1995 Ford

Tarus which was being driven by Marquette Williams when it was stopped by officers of the Memphis Police Department. Tr. At 20-21. The record is therefore corrected to reflect that there was no proof that Defendant was the owner of the vehicle in which he was a passenger at the time of the police stop.

Secondly, Defendant Henry points out that the 705 Breedlove address was not his home on the day of the events in question. The 705 Breedlove address, as the transcript reflects, was the location to which the cooperating individual, Trenell, and Defendant Henry drove to pick up Marquette Williams, also known as "Q." At this location, the record reflects that Defendant Henry retrieved the towel which was underneath the hood of the decoy automobile (an SUV supplied by the police and driven by Trenell) and went inside. Tr. at 19 (Wright); 67 (Pasley). Trenell then left the Breedlove location. Tr. 20; 67.

A short time later, the Defendant Henry and Marquette Williams were observed walking toward a white Ford Tarus; Henry was carrying a towel which he placed under the hood of that vehicle. Tr. at 20-21; 67 ("Henry came out of the house with the white towel again and put whatever was wrapped in the white towel under the hood of [the] Tarus . . .").

Thirdly, Defendant Henry points out that only Trenell and Henry drove north of Breedlove and pulled into the 705 Breedlove address (the location of Marquette Williams). Tr. at 17. The Court's supplemental opinion, erroneously indicates that Williams was in the vehicle. Williams was in the white Ford Tarus when that vehicle, with Henry as a passenger, left the Breedlove address. The Court also observed in its order that Trenell was wearing a wire transmitter, from which Officer Paisley was able to hear a portion of the conversation between Trenell and Henry. Order of June 14, 2005, at p. 5, ll. 3-5.

Fourthly, Defendant asserts that the police officers were not able to observe Defendant Henry remove the white towel from underneath the hood of the vehicle after the vehicle hood was popped. Order of June 14, 2005 at pp. 4-5. It is correct that Officer Wright acknowledged that he "didn't personally see Mr. Henry opening up a hood." Tr. at 26. Officer Wright did testify that Henry retrieved the towel from underneath the hood of the automobile and went into the Breedlove residence. Tr. at 19. Officer Paisley testified that Trenell, while at the Breedlove address, at some point "got back into the car" and popped the hood. At that time, according to Officer Paisley, Defendant Henry took the towel from under the hood and into the house. Tr. At 67.

While it is perhaps unclear precisely what Officer Paisley could physically see regarding the removal of the towel from the hood area of the vehicle, it is important to keep in mind that Officer Pasley was monitoring the events not only visually, but also by means of the wire transmitter that had been placed on Trenell.

Finally, Defendant Henry objects to the characterization of Trenell as a "known informant" on page 7 of the Court's June 14 order.[1] It is correct that Trenell's cooperation with the Memphis Police Department began only a short time before the events in this case. His cooperation arose out of his own apprehension in connection with several crimes and, for that reason, the authorities treated Trenell with caution placing him under both visual observation and equipping him with a wire transmitter.

The central focus of the position taken by the United States in connection with the motion to suppress was on the physical observations of the officers involved, including Sergeant Paul Wright, Jr. and Officer John Paisley. The ability of the officers to observe events was enhanced by the fact that the cooperating witness, Trenell, was equipped with a wire transmitter and was driving a video and audio equipped automobile. Thus, the observing

---

[1] The government specifically characterized Trenell as a "known informant" on page 6 of its May 16, 2005, post hearing memorandum.

- 4 -

officers were able not only to see, but also to hear events as they transpired.

Sergeant Wright participated in an interview of James Trenell on March 21, 2004, in which Trenell admitted participation in three home invasion robberies and named the Defendant Ronnie Henry, along with Patrick Hopkins, as participants in those home invasion robberies. Tr. at p. 9. Trenell described to investigators that he, Henry, and Hopkins placed their firearms under the hood of the vehicle in which they were traveling in order to avoid detection by the police if they were stopped. Trenell agreed to cooperate with the authorities in gathering evidence against Henry and Hopkins. Tr. at 10.

Under the direction of Sergeant Wright, Trenell successfully made three (3) recorded telephone[2] calls to Henry on March 22; in those telephone calls, Henry indicated that he was planning a robbery with Hopkins. Tr. at 11. The target of the robbery was a check cashing business in the Summer and Mendenhall area of Memphis, Tennessee. Tr. at 11. The investigating officers decided to attempt to deflect Henry from the robbery he was planning and have Trenell persuade Henry to become involved in a different "robbery." Tr. at 12. Trenell proceeded to tell Henry that he

---

[2] A total of four (4) telephone calls were attempted; three were successful and in the fourth call, Defendant was not at home. Tr. at 11.

(Trenell) had a vehicle they could use (actually a car equipped by the police with audio and video (Tr. at 13)), and that he (Trenell) would help Henry commit the robbery. Trenell, after being searched and equipped, drove to Henry's location on Ross Road.[3] Tr. at 13. Officer John Paisley, one of the officers testifying at the suppressing hearing, along with Sergeant Doyle Docan, participated in a the surveillance of Henry's property on Ross Road. The officers monitoring the wire heard a discussion about a "joint" and understood that as a reference to a firearm. Officer Pasley saw something in a white towel placed underneath the hood of a vehicle at the Ross Road location.

Trenell and Henry then left that location and, after stopping at a service station, drove to the 705 Breedlove location. At that location, Trenell and Defendant Henry met and talked with Marquette Williams. At the Breedlove location, "Henry asked Trenell to pop the hood because he wants to get his joint from under the hood." Tr. at 19. Henry then retrieved the "white rolled up towel" and went inside the Breedlove address. At that point, Trenell left Henry at the Breedlove address and reported to Sergeant Wright. Tr. at 20. Surveillance, however, continued at Breedlove. Tr. at 20. Henry was then observed placing a white rolled-up towel under the hood of a white Ford Tarus. Tr. at 20.

---

[3] The Ross Road location was the residence of Trenell's sister, who was Henry's girlfriend. Tr. at 13-14.

Williams and Henry then left the 705 Breedlove location in the white Ford Tarus.  Tr. at 21.  At this point, Sergeant Wright decided to have the SWAT Team proceed with a traffic stop and both Henry and Williams[4] were detained.  During the stop, the hood of the white Ford Tarus was raised and a rolled up towel with a .357 revolver was recovered.  Tr. at 21.  Henry was charged with two counts of aggravated robbery and was also investigated as felon in possession of a handgun.  Tr. at 22.

The Memphis Police Department investigation in this case involved multiple locations, vehicles, and individuals over approximately two days.  Defendant's objections have clarified the record, but do not change the ultimate analysis concerning whether or not the police officer involved had probable cause to detain and arrest the Defendant on March 22, 2004.  In this case, the government points to specific and articulable facts, and the rational inferences drawn from those facts, to reasonably suggest that criminal activity had occurred or was imminent.  Defendant was a known felon and had been heard to acknowledge possession of a weapon.  Moreover, the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent officer in believing that Defendant Henry had committed or was committing an offense.

---

[4] Williams was released after giving a statement to the police. Tr. at 22-23.

The denial of Defendant's motion to suppress, after reconsideration based on the objections raised by the Defendant, and after correcting the record herein, is affirmed.

ENTERED this __7__ DAY OF October, 2005.

_____
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 105 in case 2:04-CR-20244 was distributed by fax, mail, or direct printing on October 7, 2005 to the parties listed.

---

Randall P. Salky
LAW OFFICE OF RANDALL SALKY
P.O. Box 776407
Steamboat Springs, CO 80477

David Pritchard
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT